UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

REYNALDO LEWIS,   Case No. 21-cv-619

      Plaintiff,

vs.

MARINE CREDIT UNION.

and

CROWS NEST REPO LLC,

      Defendants.

---

## COMPLAINT

---

NOW COMES Plaintiff Reynaldo Lewis, by and through his attorneys, DeLadurantey Law Office, LLC, and complains of Defendants Marine Credit Union and Crows Nest Repo LLC, and alleges to the best of his knowledge, information and belief formed after an inquiry reasonable under the circumstances, the following:

### NATURE OF THE ACTION

1. This lawsuit arises from the collection attempts of the Defendants.

2. Causes of Action herein are brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, the Wisconsin Consumer Act ("WCA"), Wis. Stat. 421 *et seq*, and Wisconsin common law and statutes.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court arises under 28 U.S.C. § 1331, because the case arises under the laws of the United States.

4. This Court also has jurisdiction pursuant to 15 U.S.C. § 1692k(d) as it is an action to enforce liability created by the FDCPA within one year from the date on which the violation occurred

5. This Court has supplemental jurisdiction over the claims arising under the Wisconsin Consumer Act, Wisconsin statute and common law, under 28 U.S.C. §1367, because these claims are related to the FDCPA claims as they arise under the same set of facts, becoming part of the same case or controversy under Article III of the United States Constitution.

6. Venue in this Court is appropriate pursuant to 28 U.S.C. § 1391(b)(2), because this is where the acts giving rise to the claim occurred.

7. Under 28 U.S.C. § 1391(c), a defendant corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction. Defendants are subject to personal jurisdiction in Wisconsin, as the actions giving rise to the lawsuit occurred in Wisconsin.

## PARTIES

8. Plaintiff Reynaldo Lewis (hereinafter "Plaintiff") is a natural person who resides in Barron County, Wisconsin.

9. Plaintiff is a "consumer" as defined by 15 U.S.C. §1962a(3).

10. Defendant Marine Credit Union (hereinafter "Defendant Marine") is a domestic credit union with a principal office of 811 Monitor St., La Crosse, WI 54603.

11.     Defendant Marine regularly attempts to collect debts owed to others and is a "debt collector" as defined by Wis. Stat. § 427.103(3), and a "merchant" as that term is defined by Wis. Stat. § 421.103(25).

12.     Defendant Marine is liable for the acts of its employees, agents, and independent contractors, and those of its subsidiaries and affiliates, under theories of respondeat superior, agency, and vicarious liability.

13.     Defendant Crows Nest Repo LLC. (hereinafter "Defendant Crows Nest") is a domestic business with a principal office at 1907 Woodard Road, Bloomer, WI 54724. Defendant Crows Nest's registered agent is Nichole L. Quinn, 13975 State Highway 64, Bloomer, WI 54724.

14.     Defendant Crows Nest regularly attempts to collect debts owed to others and is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Wis. Stat. § 427.103(3).

15.     Defendant Crows Nest is liable for the acts of its employees, agents, and independent contractors, and those of its subsidiaries and affiliates, under theories of respondeat superior, agency, and vicarious liability.

## BACKGROUND

16.     In the spring of 2019, Plaintiff incurred a loan with Defendant Marine for family and personal purposes, with an amount under $25,000. Plaintiff purchased the vehicle while a Wisconsin resident, and listed his Wisconsin address on the finance application.

17.     The loan was connected to a security interest held by Defendant Marine on a 2004 Ford F-250 ("the Vehicle") owned by Plaintiff.

18.     In 2021, Plaintiff fell behind on his payments to Defendant Marine.

19.     Defendant Crows Nest repossessed Plaintiff's vehicle in September, 2021.

20. Prior to the repossession, Plaintiff did not receive notice of the right to cure pursuant to Wis. Stat. § 425.104.

21. Prior to the repossession, Plaintiff was not given notice of the intent to repossess the vehicle pursuant to Wis. Stat. § 425.206.

22. Plaintiff confronted the employee/agent of Defendant Crows Nest during the repossession and protested the repossession.

23. Defendant Crows Nest proceeded with the repossession over the protests of the Plaintiff.

24. Defendant Crows Nest called local law enforcement during the repossession, and thereafter used the assistance of the law enforcement officers to effectuate the repossession.

25. Plaintiff expressly protested the repossession, Defendant Crows Nest's employee/agent heard and understood the protest yet continued with the repossession.

26. As a result of Defendants failure, actions and repossession, Plaintiff has sustained harms and losses.

## COUNT 1 – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT (15 U.S.C. §1692) BY DEFENDANT CROWS NEST ONLY

27. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. The foregoing deliberate acts by Defendant Crows Nest constitute violations of the FDCPA, including but not limited to 15 U.S.C. § 1692f(6).

29. Specifically, Defendant Crows Nest could not legally take the vehicle due to the protest by Plaintiff.

30. As a result of the above violation of the FDCPA, Plaintiff has suffered emotional distress and loss of property, constituting actual damages pursuant to 15 U.S.C. §1692k(a)(1).

31. Defendant Crows Nest is liable to Plaintiff for his actual damages, statutory damages, and costs and attorneys' fees, as provided by 15 U.S.C. § 1692k.

### COUNT 2 – VIOLATIONS OF THE WISCONSIN CONSUMER ACT (WIS. STAT. § 425) – ALL DEFENDANTS

32. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33. Repossessions are governed by Wis. Stat. § 425.206(2), which states, "In taking possession of collateral or leased goods, no merchant may do any of the following: (a) Commit a breach of the peace.  (b) Enter a dwelling used by the customer as a residence except at the voluntary request of a customer."

34. A breach of the peace occurs when the property is taken over the objection of the debtor.  *Hollibush v. Ford Motor Credit Co.*, 508 N.W.2d 449 (WI Ct. App. 1993).

35. A breach of the peace occurred when the vehicle was taken after Plaintiff protested the taking.

36. A breach of the peace occurred when the law enforcement was used to effectuate the repossession.

37. Defendant Marine is liable for the acts of Defendant Crows Nest and its employees, agents, and independent contractors, and those of its subsidiaries and affiliates, under theories of respondeat superior, agency, and vicarious liability.

38. Under Wis. Stat. § 425, Plaintiff is seeking to have the vehicle lien avoided, actual damages, return of the vehicle (or the fair market value of the vehicle), punitive damages,

seeking the return of payments already made towards the vehicle, and seeking reimbursement of attorney fees and costs.

### COUNT 3 – VIOLATIONS OF THE WISCONSIN CONSUMER ACT (WIS. STAT. 427) – ALL DEFENDANTS

39. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

40. The amount that Defendants were attempting to collect constitutes a "claim" as that term is defined at Wis. Stat. § 427.103(1).

41. Defendants violated § 427.104(1)(h) in that the conduct as described herein could reasonably be expected to harass a person since they had no right to repossess Plaintiff's vehicle.

42. Defendants' conduct violated § 427.104(1)(j) in that they did not have a right to repossess the vehicle because they knew that they had not complied with the law governing the repossession of vehicles.

43. As a result of the illegal conduct, Plaintiff has suffered actual damages, including emotional distress, mental anguish, and loss of property.

44. Defendants are liable to Plaintiff for actual damages, statutory damages, punitive damages (if the evidence at trial so warrants), actual costs, and attorney's fees, under Wis. Stat. § 427.105.

### Trial by Jury

45. Plaintiff is entitled to, and hereby respectfully demands a trial by jury on all issues so triable.

WHEREFORE, Plaintiff prays that this Court will enter judgment against the Defendant as follows:

A.    for an award of actual damages pursuant to 15 U.S.C. §1692k(a)(1) as to Defendant Crows Nest;

B.    for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) as to Defendant Crows Nest;

C.    for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3) as to Defendant Crows Nest;

D.    the vehicle lien avoided, actual damages, return of the vehicle (or the fair market value of the vehicle), punitive damages, seeking the return of payments already made towards the vehicle, and seeking reimbursement of attorney fees and costs under Wis. Stat. § 425 as to all Defendants;

E.    for an award of actual damages, statutory damages, punitive damages (if the evidence at trial so warrants), actual costs, and attorney's fees, under Wis. Stat. § 427 as to all Defendants;

F.    for such other and further relief as may be just and proper.

Dated this 1st day of October, 2021.

s/ Nathan DeLadurantey
Nathan E. DeLadurantey, 1063937
DELADURANTEY LAW OFFICE, LLC
330 S. Executive Dr, Suite 109
Brookfield, WI  53005
(414) 377-0515
nathan@dela-law.com

*Attorney for the Plaintiff*